UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMIAH CHEE,

             Plaintiff,

   v.

TESLA INC.,

            Defendant.

Case No.  24-cv-00180-TSH

**ORDER RE: MOTION TO COMPEL ARBITRATION**

Re: Dkt. No. 14

## I.    INTRODUCTION

Pending before the Court is Tesla Inc.'s Motion to Compel Arbitration and Stay Proceedings.  ECF No. 14.  Plaintiff Jeremiah Chee filed an Opposition (ECF No. 20) and Defendant filed a Reply (ECF No. 23).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the May 2, 2024 hearing.  *See* Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Tesla's motion for the following reasons.[1]

## II.    BACKGROUND

On December 7, 2023, Plaintiff Jeremiah Chee initiated this lawsuit in San Francisco Superior Court against Defendant Tesla, Inc. d/b/a Tesla Motors, Inc. ("Tesla"), and Does 1-50, alleging causes of action for (1) discrimination in violation of the Fair Employment and Housing Act ("FEHA"), (2) retaliation in violation of the FEHA, (3) failure to take steps to prevent discrimination and harassment, (4) failure to provide reasonable accommodation, (5) failure to participate in the interactive process, (6) retaliation for exercising rights under the California

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 10, 12.

United States District Court
Northern District of California

1    Family Rights Act, (7) retaliation in violation of California Labor Code section 230(a), (8)

2    wrongful termination, and (9) unfair and unlawful business practices; and seeking declaratory and

3    injunctive relief.  *See* Complaint, ECF No. 1-1 at 1.  On January 10, 2024, Defendant removed this

4    action to federal court based on diversity.  Notice of Removal, ECF No. 1.

5          On February 22, 2024, Tesla filed the instant Motion to Compel Arbitration.  ECF No. 14.

6    On March 7, 2024, Plaintiff filed an opposition to Defendant's motion.  ECF No. 20 ("Opp'n").

7    On March 14, 2024, Defendant filed a reply.  ECF No. 23 ("Reply").

8          Defendant has proffered a copy of an offer of employment from Tesla to Plaintiff ("Offer

9    Letter") dated July 8, 2021, which it says Plaintiff electronically signed on July 9, 2021.  Decl. of

10   Ben Flesch, ECF No. 16 ("Flesch Decl.") ¶ 10; Offer Letter, ECF No. 16-1 at 2–5.  The four-page

11   Offer Letter includes an arbitration provision on the second page, which states:

> 12          [T]o ensure the rapid and economical resolution of disputes that may
> 13   arise in connection with your employment with Tesla, you and Tesla
>      agree that any and all disputes, claims, or causes of action, in law or
> 14   equity, arising from or relating to your employment, or the
>      termination of your employment, will be resolved, to the fullest extent
> 15   permitted by law by binding arbitration and private arbitration in your
>      city and state of employment conducted by the Judicial Arbitration
> 16   and Mediation Services/Endispute, Inc. ("JAMS"), or its successors,
>      under the then current rules of JAMS for employment disputes….

17   Offer Letter at 2.  The last page of the Offer Letter includes an e-signature by Jeremiah Chee,

18   dated July 9, 2021.  *Id.* at 5.

19         Plaintiff does not dispute that he signed the offer letter, nor does he contest that the offer

20   letter contained an arbitration provision and that his claims are encompassed within the scope of

21   the arbitration agreement.  Instead, Plaintiff argues that the agreement is procedurally and

22   substantively unconscionable and, therefore, unenforceable.  Opp'n at 5-6, 11–20.

23                              **III.   LEGAL STANDARD**

24         Under the Federal Arbitration Act ("FAA"), courts are required to enforce contractual

25   arbitration agreements except "upon such grounds as exist at law or in equity for the revocation of

26   any contract."  9 U.S.C. § 2.  The FAA "reflect[s] both a liberal federal policy favoring arbitration,

27   and the fundamental principle that arbitration is a matter of contract."  *AT&T Mobility LLC v.*

28   *Concepcion*, 563 U.S. 333, 339 (2011) (citations and internal quotations omitted).  The Court's

United States District Court
Northern District of California

2

1   role is to decide: "(1) whether there is an agreement to arbitrate between the parties; and (2)

2   whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir.

3   2015).  "If the response is affirmative on both counts, then the [FAA] requires the court to enforce

4   the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys.,*

5   *Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  "[A]ny doubts concerning the scope of arbitrable issues

6   should be resolved in favor of arbitration." *Id.* at 1131 (citation omitted).

7       In deciding a motion to compel arbitration, courts must "treat the facts as they would when

8   ruling on a motion for summary judgment, construing all facts and reasonable inferences that can

9   be drawn from those facts in a light most favorable to the non-moving party." *Shepardson v.*

10  *Adecco USA, Inc.*, No. 15-cv-05102-EMC, 2016 WL 1322994 at *2 (N.D. Cal. Apr. 5, 2016)

11  (citing *Chavez v. Bank of Am.*, No. 10-cv-653-JCS, 2011 WL 4712204, at *3 (N.D. Cal. Oct. 7,

12  2011)).  To determine whether a state "common law rule makes an agreement to arbitrate

13  unenforceable, [the Court] must consider both the federal law of arbitration and the state rule at

14  issue." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016).[2]

15                        **IV.   DISCUSSION**

16      Defendant argues that the arbitration agreement is valid, is procedurally and substantively

17  fair, and encompasses Plaintiff's claims, and should therefore be enforced.  *See* Brief in support of

18  Motion to Compel Arbitration, ECF No. 15 at 1.  Plaintiff argues that the agreement is

19  procedurally and substantively unconscionable and, therefore, unenforceable.  Opp'n at 5.

20      **1.     Unconscionability**

21      Under California law, a contract is unenforceable if it is both procedurally and

22  substantively unconscionable.  *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th

23  _____

24  [2] Tesla seeks judicial notice of twenty-eight orders from various courts granting or affirming
    decisions to grant motions to compel arbitration filed by Tesla or its affiliated entities.  ECF No.

25  18.  The Court takes notice of Exhibits A through BB as they are court records. *See, e.g., Hunt v.*
    *Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) ("Judicial notice may

26  be taken of 'adjudicative facts' such as court records, pleadings."); *Horton v. JPMorgan Chase*
    *Bank, N.A.*, No. 15-CV-05322-WHO, 2016 WL 1139004, at *1 n.1 (N.D. Cal. Mar. 23, 2016)

27  (same).  Plaintiff likewise seeks judicial notice of five court orders denying or affirming the denial
    of motions to compel arbitration brought by Tesla.  ECF No. 21.  The Court likewise takes notice

28  of Exhibits 1 through 5.

*(left margin, rotated)* United States District Court
Northern District of California

3

83, 114 (2000).  "Unconscionability refers to 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.'" *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (quoting *A&M Produce Co. v. FMC Corp.,* 135 Cal. App. 3d 473, 486 (1982)).  "Procedural unconscionability focuses on the elements of oppression and surprise.  Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice.  Surprise involves the extent to which the terms of the bargain are hidden in a prolix printed form drafted by a party in a superior bargaining position." *Serafin v. Balco Properties Ltd., LLC*, 235 Cal. App. 4th 165, 177 (2015).  "Substantive unconscionability focuses on the actual terms of the agreement and evaluates whether they create 'overly harsh' or 'one-sided' results.'" *Id.* (quoting *Roman v. Superior Court* 172 Cal. App. 4th 1462, 1469 (2009)).

Procedural and substantive unconscionability "need not be present in the same degree." *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1000 (9th Cir. 2021) (quoting *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017)).  Instead, courts employ a sliding scale in which "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.*  The party seeking to establish an unconscionability defense must do so by a preponderance of the evidence.  *Peng v. First Republic Bank*, 219 Cal. App. 4th 1462, 1468 (2013); *Serafin,* 235 Cal. App. 4th at 172–73.

### 2.     Procedural Unconscionability

"Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013) (citing *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 783 (9th Cir. 2002); *A&M Produce*, 135 Cal. App. 3d at 486).  Plaintiff argues that the arbitration provision is procedurally unconscionable because (1) it is adhesive, (2) it does not have an opt-out provision, and (3) Tesla failed to provide the applicable arbitration rules.  Opp'n at 11–14.  Defendant argues the arbitration provision is not procedurally unconscionable because Plaintiff presents no evidence

United States District Court
Northern District of California

of surprise or oppression.  Reply at 2–4.

### a.    Some Procedural Unconscionability Exists Because the Arbitration Agreement is a Contract of Adhesion

As to Plaintiff's first two arguments, the Court agrees the arbitration agreement has some degree of procedural unconscionability because it was part of a contract of adhesion, presented by Tesla to Plaintiff on a take-it-or-leave-it basis with no opt-out provision.  ECF No. 20-1 ("Chee Decl.") ¶ 3; Flesch Decl. ¶ 9.  *See, e.g.*, *Baxter v. Genworth N. Am. Corp.*, 16 Cal. App. 5th 713, 723 (2017).

"Procedural unconscionability exists when the stronger party drafts the contract and presents it to the weaker party on a take-it-or-leave-it basis."  *Serafin*, 235 Cal. App. 4th at 179. Here, in order to begin his employment with Tesla, Plaintiff was required to sign the Offer Letter, which included the arbitration agreement.  Chee Decl. ¶ 3; Reply at 3.  The arbitration agreement is indisputably a contract of adhesion, which was presented to Plaintiff on a "take-it-or-leave-it" basis.  However, while a contract of adhesion "can establish some degree of procedural unconscionability, a contract of adhesion is not per se unconscionable" and unenforceable on that basis.  *Lim*, 8 F.4th at 1000 (internal quotations omitted).  *See also Sanchez v. Carmax Auto Superstores California, LLC*, 224 Cal. App. 4th 398, 402 (2014) (confirming trial court's finding "that the agreement is required does not make it unenforceable, absent other factors."); *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1127 (1999) ("a compulsory predispute arbitration agreement is not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis.").

The Court finds the formatting of the Offer Letter also supports Plaintiff's contention that the arbitration agreement offered some element of surprise, albeit a marginal one.  Plaintiff contends the arbitration provision was "buried" in the Offer Letter, as it was not separate from the Offer Letter and not preceded by any heading specifying that it was an arbitration agreement. Opp'n at 7.  The arbitration provision appeared midway through the second page of Plaintiff's Offer Letter in the same small print as the rest of the letter, with no headings, boldface, italicized, or otherwise emphasized text to alert Plaintiff to the presence of the agreement.  Offer Letter at

2. However, to the extent the arbitration provision was buried, it was buried shallowly; the Offer Letter Chee signed was just four pages long, and the arbitration provision's sub-provisions and references to "[a]rbitrable claims" continued onto the third page of the letter. *Id.* at 2–3. *See Lane v. Francis Cap. Mgmt. LLC*, 224 Cal. App. 4th 676, 689–90 (2014) (holding arbitration agreement was not procedurally unconscionable where it "[was] just two pages and contain[ed] no terms 'hidden' in the form.").

The Court is unpersuaded by Plaintiff's argument that the length of time he had to consider the Offer Letter adds to the arbitration agreement's procedural unconscionability. *See* Opp'n at 12. Plaintiff received the Offer Letter on July 8, 2021, and was given until July 12, 2021, to indicate his acceptance. Chee Decl. ¶ 3; Flesch Decl. ¶¶ 8, 10; Offer Letter at 4. Plaintiff signed the Offer Letter on July 9, 2021, one day after receiving the letter. Offer Letter at 4; Flesch Decl. ¶ 10. Plaintiff does not contend that he attempted to obtain advice or further information on the terms of the arbitration provision from any person or attorney and was unable to do so within the time period provided.

Finally, Plaintiff argues that Defendant's failure to provide the JAMS rules with the arbitration agreement supports a finding of procedural unconscionability. Opp'n at 13–14. Failure to provide the applicable arbitration rules is a factor that can support a finding of procedural unconscionability. *See, e.g.*, *Carmona v. Lincoln Millennium Car Wash, Inc.*, 226 Cal. App. 4th 74, 84 (2014); *Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 244–46 (2016). "This failure contributes to oppression because the employee is forced to go to another source to find out the full import of what he or she is about to sign—and must go to that effort *prior* to signing." *Carmona*, 226 Cal. App. 4th at 84 (emphasis in original) (internal quotations omitted). Here, the arbitration agreement provides that all disputes relating to Plaintiff's employment or termination of employment would be resolved by arbitration conducted by JAMS "under the then current rules of JAMS for employment disputes." Offer Letter at 2. Tesla did not attach a copy of the JAMS rules to Plaintiff's Offer Letter, nor did the Offer Letter include a link to the applicable rules. *See* Offer Letter. Plaintiff does not recall anyone from Tesla informing him of the arbitration agreement or discussing it, and Defendant does not dispute this. Chee Decl. ¶ 4.

6

United States District Court
Northern District of California

1    Plaintiff's reliance on *Carbajal* in support of this argument is misplaced.  In *Carbajal*, the

2    plaintiff was asked to sign the arbitration agreement *during* her employment interview with the

3    defendant employer, and the defendant had failed even to "identify[] which of [the arbitration

4    provider's] nearly 100 different sets of active rules [would] apply."  *Carbajal*, 245 Cal. App. 4th

5    at 234, 244 & n.3.  Unlike the plaintiff in *Carbajal*, Plaintiff had four days to sign the Offer Letter,

6    during which he could have looked up the JAMS arbitration rules.  Plaintiff does not dispute that

7    the JAMS rules were available online, nor does he argue that it would have been unclear which

8    rules applied had he attempted to read them online.

9    Plaintiff further relies on *Zullo v. Sup. Ct.*, 197 Cal. App. 4th 477, 485–86 (2011), and

10   *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1246 (2016), to argue that Tesla's failure to provide

11   the JAMS rules supports a finding of procedural unconscionability.  The Court in *Zullo* found that

12   the absence of the applicable arbitration rules "add[ed] a bit to the procedural unconscionability,"

13   noting that it was "oppressive to require the party to make an independent inquiry to find the

14   applicable rules in order to fully understand what she was about to sign."  *Zullo*, 197 Cal. App. 4th

15   at 485-86.  Meanwhile the California Supreme Court in *Baltazar* held that an employer's failure to

16   attach the applicable arbitration rules to an arbitration agreement could increase the agreement's

17   procedural unconscionability where the substantive unconscionability of the rules was at

18   issue.  *Baltazar*, 62 Cal. 4th at 1246.  Here, Plaintiff argues that Rule 26 of the JAMS arbitration

19   rules is substantively unconscionable.  Opp'n at 18–19.  Accordingly, although the Court finds

20   Plaintiff's objection to JAMS Rule 26 is without merit, Tesla's failure to attach the rules could

21   support a finding of procedural unconscionability if this rule were "artfully hidden" by virtue of

22   being incorporated by reference.  *See Baltazar*, 62 Cal.4th at 1246.  However, this does not appear

23   to be the case.  Plaintiff had four days to pull up the applicable arbitration rules online if he so

24   chose, and he does not contend that he wouldn't have signed the Offer Letter if he had read

25   them.  Because the rules were easily accessible to Plaintiff, Defendant's failure to include them

26   with the arbitration agreement adds little to procedural unconscionability.

27   Accordingly, the Court finds the adhesive nature of the arbitration agreement, formatting

28   and absence of attached rules present a small degree of procedural unconscionability, and Plaintiff

1    fails to show additional factors of oppression or surprise that would render the arbitration

2    agreement highly procedurally unconscionable.  Hence, Plaintiff must demonstrate a high degree

3    of substantive unconscionability to render the agreement unenforceable.

4          **3.      Substantive Unconscionability**

5          "A contract is substantively unconscionable when it is unjustifiably one-sided to such an

6    extent that it shocks the conscience." *Chavarria*, 733 F.3d at 923 (internal quotations

7    omitted).  "Although California courts have characterized substantive unconscionability in various

8    ways, [they] all . . . point to the central idea that unconscionability doctrine is concerned not with a

9    simple old-fashioned bad bargain but with terms that are unreasonably favorable to the more

10   powerful party." *Tompkins*, 840 F.3d at 1023 (citations and internal quotations omitted).

11         Plaintiff argues the arbitration provision is substantively unconscionable because (1) the

12   arbitration agreement lacks mutuality, (2) Tesla's Employee Non-Disclosure and Inventions

13   Assignment Agreement (NDIAA) subjects Plaintiff to a heightened standard of proof and gives

14   Defendant a right to injunctive relief without satisfying the criteria to warrant an injunction, (3) the

15   NDIAA includes a non-solicitation provision, (4) the arbitration agreement does not provide

16   adequate discovery, (5) Tesla is a JAMS is a repeat player, and (6) JAMS rules impose an

17   unconscionable confidentiality requirement.  Opp'n at 14–19.  Defendant argues the arbitration

18   agreement is not substantively unconscionable because the NDIAA is not at issue in this case, the

19   arbitration agreement provides for adequate discovery, requiring the use of JAMS does not

20   invalidate the agreement, and the JAMS rules do not contain an unconscionable confidentiality

21   provision.  Reply at 6–9.

22                **a.      The Arbitration Agreement Provides for Adequate Discovery**

23         Plaintiff argues that the arbitration agreement is substantively unconscionable because it

24   provides for limited discovery.  The arbitration agreement states that the arbitrator "shall have the

25   authority to compel adequate discovery for the resolution of the dispute" and that "[Plaintiff] and

26   Tesla shall be entitled to all rights and remedies that [Plaintiff] or Tesla would be entitled to

27   pursue in a court of law."  Offer Letter at 2 (subsections (c), (f)).

28         Plaintiff contends the arbitration agreement will prevent him from deposing relevant third-

United States District Court
Northern District of California

8

party witnesses or obtaining third-party documents because the arbitration agreement "does not specifically grant the arbitrator the power to subpoena individuals," and the FAA does not authorize an arbitrator to issue discovery subpoenas to non-parties, such as former Tesla employees.  Opp'n at 17; *see CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 708 (9th Cir. 2017) ("We hold that section 7 of the FAA does not grant arbitrators the power to order third parties to produce documents prior to an arbitration hearing"); *Aixtron, Inc. v. Veeco Instruments Inc.*, 52 Cal. App. 5th 360, 404 (2020) (holding that neither the FAA nor JAMS rules granted arbitrator authority to issue prehearing discovery subpoena for business records and computers). Although Plaintiff raises genuine concerns that arbitration inherently imposes some limitations on discovery, Plaintiff offers no support for his contention that limitations on an arbitrator's power under the FAA can render an agreement to arbitrate substantively unconscionable.  Here, the arbitration provision does not place any limitations on discovery but rather allows the arbitrator to compel "adequate discovery."  Offer Letter at 2 (subsection (c)).  Accordingly, the Court finds the arbitration agreement does not provide for limited discovery and is not substantively unconscionable on that basis.

> **b.   Defendant Being a "Repeat Player" Does Not Support a Finding of Substantive Unconscionability**

The Court is unpersuaded by Plaintiff's argument that the arbitration agreement is substantively unlawful because Tesla is a "repeat player" with JAMS, since the arbitration agreement mandates JAMS be used for all disputes between Tesla and employees subject to the agreement.  Opp'n at 17–18.  Plaintiff offers no case law to suggest that an arbitration agreement is substantively unconscionable because an employer has previously used, or routinely uses, a particular arbitration organization, and the Court has found none.  *See Mercuro v. Superior Court*, 96 Cal. App. 4th 167, 179 (2002) ("We too are not prepared to say without more evidence the 'repeat player effect' is enough to render an arbitration agreement unconscionable."); *compare Sanchez v. Western Pizza Enterprises, Inc.*, 172 Cal. App. 4th 154, 177-78 (2009) (finding substantive unconscionability based on the repeat player effect where "the effective designation of *a single arbitrator* in what appears to be a standard arbitration agreement applicable to a large

1   number of corporate employees gives rise to a significant risk of financial interdependence

2   between Western Pizza and the arbitrator, and an opportunity for Western Pizza to gain an

3   advantage through its knowledge of and experience with the arbitrator") (emphasis added),

4   *abrogated on other grounds, see Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 366

5   (2014).

### c.   JAMS Rule 26 Does Not Impose an Unconscionable Confidentiality Requirement

6
7
8          Plaintiff's argument that JAMS Rule 26 imposes an unconscionable barrier to Plaintiff's

9   ability to solicit third-party witnesses for arbitration proceedings is similarly unavailing.  *See*

10  Opp'n at 18–19.  Plaintiff cites *Davis v. O'Melveny & Myers*, 485 F.3d 1066 (9th Cir. 2007), for

11  the proposition that confidentiality provisions stifle discovery by "prevent[ing] employees from

12  contacting other employees to assist in litigating (or arbitrating) an employee's case."  *O'Melveny*,

13  485 F.3d at 1078; Opp'n at 19.  However, as Plaintiff notes, JAMS Rule 26 states only that

14  "JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding."

15  Opp'n at 18.  Plaintiff offers no evidence to indicate that JAMS Rule 26 imposes a confidentiality

16  obligation on the *parties*, rather than on JAMS and the arbitrator alone.  *See Atencio v. TuneCore,*

17  *Inc.*, No. 16-cv-1925-DMG-MRW, 2016 WL 11518598, at *9 (C.D. Cal. Sept. 29, 2016) (plaintiff

18  "misconstrues JAMS Rule 26, which plainly states that 'JAMS and the Arbitrator shall maintain

19  the confidential nature of the Arbitration proceeding,' *not* that the parties to the arbitration must

20  maintain confidentiality.") (emphasis in original), *aff'd*, 843 F. App'x 42 (9th Cir. 2021).

### d.   The NDIAA Renders the Arbitration Agreement Unfairly One-Sided

21
22         Plaintiff makes several arguments regarding substantive unconscionability concerning the

23  "Non-Disclosure and Inventions Assignment Agreement" that accompanied Plaintiff's Offer

24  Letter, rather than the arbitration agreement itself.  *See Tesla, Inc. Employee Non-Disclosure and*

25  *Inventions Assignment Agreement*, ECF No. 16-1, 7–10 ("NDIAA").  First, Plaintiff argues that

26  the arbitration agreement is substantively unconscionable because "it lacks mutuality."  Opp'n 2,

27  14.  Specifically, Plaintiff contends the NDIAA creates a lack of mutuality by allowing Tesla to

28  obtain legal and equitable remedies in the event of intellectual property, confidentiality, or

10

competition violations by an employee, notwithstanding the arbitration agreement.  Opp'n at 15.  Plaintiff further argues that the NDIAA subjects Plaintiff to a heightened standard of proof by requiring Plaintiff to show by clear and convincing evidence that any information disclosed was part of the public domain in the event of any disputes relating to the NDIAA.  Opp'n at 15; *see* NDIAA ¶ 1.  Finally, Plaintiff contends the NDIAA is substantively unconscionable because it includes a non-solicitation provision.  Opp'n at 16–17.  The Court finds this argument has merit, but that the NDIAA is severable from the arbitration agreement.

"Courts have found a lack of sufficient mutuality where the agreement exempts from arbitration the types of claims an employer is likely to bring against an employee."  *Davis v. Kozak*, 53 Cal. App. 5th 897, 914 (2020).  *See also Carlson v. Home Team Pest Defense, Inc.*, 239 Cal. App. 4th 619, 634–635 (2015) (finding substantively unconscionable a carve-out from arbitration agreement entitling employer to seek judicial intervention to "prevent[] or stop[] any unfair or unlawful competition or solicitation of its customers and employees, and/or misappropriation of its trade secrets.").  Here, although the NDIAA is contained in a separate document from the Offer Letter containing the arbitration agreement at issue, it nonetheless carves out the types of claims Tesla is likely to bring against employees from its arbitration agreement.  In doing so, the NDIAA effectively allows Tesla access to the courts for the claims it is most likely to bring, while employees are required to arbitrate all other employment disputes.  Accordingly, the Court finds the NDIAA is unfairly one-sided and substantively unconscionable.

### e.    The NDIAA Can Be Severed From the Arbitration Agreement

"A trial court has the discretion to refuse to enforce an agreement as a whole if it is permeated by the unconscionability."  *Carmona*, 226 Cal. App. 4th at 90.  Plaintiff argues the unconscionable provisions cannot be severed from the arbitration agreement because it is permeated with unconscionability.  Opp'n at 19–20.  Defendant argues that if the Court finds any provision to be unconscionable, the Court should sever such provision and enforce the remainder of the agreement.  Reply at 9–10.

As discussed above, the Court finds the arbitration agreement raises only minimal concerns of procedural unconscionability, and no concerns of substantive unconscionability apart from

those created by the NDIAA.  Thus, the Court finds the NDIAA can be severed from the Offer Letter without affecting the arbitration agreement.  *See Armendariz*, 24 Cal. 4th at 124; *see also Frank v. Tesla, Inc.*, 22-cv-1590-MEMF, 2022 WL 18284398, at *8–9 (C.D. Cal. June 27, 2022) (finding Tesla "Proprietary Information and Inventions Agreement" substantively unconscionable and severing from arbitration agreement).  Because the NDIAA can be severed, the Court finds it does not render the arbitration agreement unenforceable.  Accordingly, Plaintiff's claims arising out of his employment with Tesla shall be addressed in arbitration.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to compel arbitration.  The Court **ORDERS** that the Non-Disclosure and Inventions Assignment Agreement be severed and the remainder of the arbitration agreement be enforced.  This action is **STAYED** pending arbitration of all claims determined by an arbitrator to be subject to the parties' arbitration agreement.  The parties are directed to provide the Court with joint status updates on the arbitration proceedings every 90 days from the date of this order.

**IT IS SO ORDERED.**

Dated: April 30, 2024

THOMAS S. HIXSON
United States Magistrate Judge